IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ANGELICA ROSE BROWN,                )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )
                                    )
UNIVERSITY OF NORTH CAROLINA        )    1:22-cv-717
AT CHAPEL HILL; SHIMUL MELWANI      )
(in her individual capacity);       )
SHREEDHARI DESAI (in her            )
individual capacity); MICHAEL       )
CHRISTIAN (in his individual        )
capacity); BOARD OF GOVERNORS       )
OF THE UNIVERSITY OF NORTH          )
CAROLINA,                           )
                                    )
        Defendants.                 )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Before this court is a Motion for Reconsideration of the District Court's Order Dismissing Counts I and II of Plaintiff's Amended Complaint. (Doc. 39.) For the reasons stated herein, the motion will be denied.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

For an overview of the factual allegations in this case, see the court's Memorandum Opinion and Order entered October 20, 2023. (Mem. Op. and Order (Doc. 37) at 2–21.)[1]

On October 29, 2023, Plaintiff moved for reconsideration of this court's Memorandum Opinion and Order. (Pl.'s Mot. for Recons. of the District Court's Order Dismissing Counts I and II of Pl.'s Am. Compl. ("Pl.'s Mot.") (Doc. 39).) Plaintiff attached a brief in support. (Mem. Br. in Supp. of Mot. for Recons. Regarding the Dismissal of Counts I and Count II of the Am. Compl. Against the Individual Defs. ("Pl.'s Br.") (Doc. 39-1).) Defendants filed a response on November 20, 2023, (Defs.' Resp. to Pl.'s Mot. for Recons. ("Def.'s Resp.") (Doc. 43)), and Plaintiff replied on November 22, 2023, (Reply Br. in Supp. of Pl.'s Mot. for Recons. Regarding the Dismissal of Counts I and Count II of the Am. Compl. Against the Individual Defs. ("Pl.'s Reply") (Doc. 44)).

II.  **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 54(b) allows for any interlocutory order to "be revised at any time before the entry

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

- 2 -

of a judgment." There are only three circumstances where a court may revise an interlocutory order under Rule 54(b): "(1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (alteration in original) (quoting Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003)).

"However, when assessing a Rule 54(b) motion for reconsideration, these standards are not applied with the same strictness as when they are used under Rule 59(e)." Mobley v. Greensboro City Police Dep't, No. 1:17-cv-114, 2018 WL 6110997, at *2 (M.D.N.C. Nov. 21, 2018); accord Carlson, 856 F.3d at 325 ("Compared to motions to reconsider final judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light.").

"Despite this flexible approach[,] . . . the discretion Rule 54(b) provides is not limitless." Carlson, 856 F.3d at 325. Indeed, "such discretion is 'subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" U.S. Tobacco Coop. Inc. v. Big S.

- 3 -

Wholesale of Va., LLC, 899 F.3d 236, 257 (4th Cir. 2018) (quoting Off. Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coppers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003)). Motions for reconsideration[2] "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); see also Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp., 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005) ("A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence.").

---

[2] Although the Fourth Circuit has not specifically articulated the standard for evaluating a motion for reconsideration under Rule 54(b), see Am. Canoe Ass'n, 326 F.3d at 514–15, district courts in the Fourth Circuit routinely look to the standards governing the reconsideration of final judgments under Rule 59(e) for guidance in considering a motion for reconsideration of an interlocutory order under Rule 54(b). See Dhruva v. CuriosityStream Inc., No. SAG-23-2265, 2024 WL 712467, at *2 (D. Md. Feb. 21, 2024); Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc., No. 1:05CV955, 2011 WL 6934696, at *2 (M.D.N.C. Dec. 30, 2011) (unpublished).

- 4 -

III. **ANALYSIS**

Plaintiff argues that this court committed clear error in two respects: "(1) rejecting her disparate treatment and retaliation claims arising under 42 U.S.C.A. § 1981 on the incorrect grounds that Section 1981 requires an underlying employment relationship; and (2) dismissing the claims in Count I under the Equal Protection Clause of the Fourteenth Amendment, when the individual Defendants never moved to dismiss said claims, which represents a plausible basis for relief under existing authority, and the Court did not provide notice of its intent to rule sua sponte." (Pl.'s Mot. (Doc. 39) at 1–2.)

   A.   **Section 1981**

First, Plaintiff argues that "the Court fundamentally erred in its analysis that Section 1981 liability is limited to adverse employment-based actions." (Pl.'s Br. (Doc. 39-1) at 2.) Plaintiff's statement that "[t]here is also no indication in the Memorandum Opinion that the Court's dismissal of the Section 1981 discrimination and retaliation claims was rooted in any rationale other than the assumption that Section 1981 requires the assertion of an employment relationship" is incorrect. (Id. at 10.) As Plaintiff recites, Section 1981 protects her right to "make and enforce contracts," which includes "the making, performance, modification, and termination of contracts, and the

enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." (See id. at 7 (quoting 42 U.S.C. § 1981(b)).)

The court understood the scope of Section 1981 when it considered Plaintiff's claims. (See Mem. Op. and Order (Doc. 37) at 33–35.) However, Plaintiff failed to plead any semblance of a contract other than an employment contract between herself and Defendant UNC-CH in the context of her job as a graduate research assistant. There is simply an absence of factual allegations or legal argument as to the existence of a contractual relationship between Plaintiff and UNC-CH in the context of her enrollment as a student in the Amended Complaint. Plaintiff now attempts to raise such factual assertions and legal arguments in her motion for reconsideration, which is not permissible. See Pac Ins. Co., 148 F.3d at 403 (A motion for reconsideration "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."). Section 1981 governs the right to make and enforce contracts. In her Amended Complaint, Plaintiff included only sparse allegations alluding to the existence of an employment contract between herself and UNC-CH that did not survive a

Federal Rule of Civil Procedure 12(b)(6) analysis. Plaintiff did not previously allege facts or provide any legal argument supporting the existence of a contract between herself and UNC-CH relating to her enrollment as a student and cannot do so now.

### B. Equal Protection Claims Against Individual Defendants

Second, Plaintiff argues that "the Court erred in dismissing [her] Equal Protection Claim against each Individual Defendant in Count I" because "[a]t no point in their briefing in support of their motion to dismiss the Amended Complaint did the Individual Defendants ever actually move to dismiss the Equal Protection claims." (Pl.'s Br. (Doc. 39-1) at 2.) Plaintiff correctly states that "the Court did not review the Equal Protection claim [in Count I] as an independent cause of action." (Pl.'s Br. (Doc. 39-1) at 14.) This is because Plaintiff failed to clearly delineate an independent Equal Protection claim in Count I. Accordingly, the parties did not brief the issue, (see id.), and the court did not consider such a claim in its Memorandum Opinion and Order.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." See Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). "The essential purpose of Rule 8 is to afford 'the opposing party fair notice of the

- 7 -

nature and basis or grounds of the claim and a general indication of the type of litigation involved.'" Burlington Indus. v. Milliken & Co., 690 F.2d 380, 390 (4th Cir. 1982) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1215, at 109-10 (1971)).

In her Amended Complaint, the only reference whatsoever that Plaintiff makes to the Fourteenth Amendment's Equal Protection Clause is a boilerplate recitation that "Defendants Melwani, Desai and Christian's violations of Plaintiff's rights occurred while they were acting under color of state law, and local ordinances, regulations, and customs of North Carolina in violation of the Equal Protection Clause of the Fourteenth Amendment, thus entitling Plaintiff to all appropriate relief provided under 42 U.S.C.A. § 1983." (Am. Compl. (Doc. 26) ¶¶ 143, 151.) This paragraph appears under the subheadings "Count I Disparate Treatment Under 42 U.S.C. §§ 1981 and 1983"[3] and "Count II Unlawful Retaliation Under 42 U.S.C. §§ 1981 and 1983," respectively. (See id. ¶¶ 19, 21.) Plaintiff does not identify how Individual Defendants acted under color of state law, or identify the local ordinances, regulations, and customs pursuant

---

[3] Plaintiff clearly states that her "claims against Defendants Melwani, Desai, and Christian pursuant to 42 U.S.C.A. § 1981 are effectuated by 42 U.S.C.A. § 1983." (See Am. Compl. (Doc. 26) ¶¶ 142, 150.)

to which Individual Defendants acted. These two scant paragraphs did not serve to provide Individual Defendants, or the court itself, with "fair notice of the nature and basis or grounds of" the Equal Protection claim that Plaintiff now seeks to retroactively assert through a motion for reconsideration. Accordingly, this court did not commit clear error when it dismissed Count I in its entirety.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration of the District Court's Order Dismissing Counts I and II of Plaintiff's Amended Complaint, (Doc. 39), is **DENIED.**

This the 24th day of May, 2024.

_____
United States District Judge